IN THE MATTER OF THE ACCOUNTING OF HORACE GROUT, EXECUTOR, ETC., OF ELLEN H. CARVER, DECEASED, APPELLANT, *v.* JEROME J. CARVER AND OTHERS, RESPONDENTS.

*Executor—when allowed costs of unsuccessful action.*

Where an action is brought against an executor individually to recover the price of a tombstone, ordered by him in pursuance of a direction in the will, and a judgment is recovered against him therein, which is paid by him, he is entitled upon his final accounting to be allowed the costs and disbursement included in the judgment in such action, and a reasonable counsel fee paid to his attorney, provided he acted in good faith in defending the action.

APPEAL by Horace Grout, executor, from so much of the decree of the surrogate of Erie county made on a final accounting, as rejected and refused to allow the executor $113,46, paid out by him for legal expense.

*Thomas Corbett*, for the appellant.

*D. Lent*, attorney for the respondents.

NOXON, J.:

Horace Grout under the will of Ellen H. Carver, deceased, was appointed her executor. The will of the deceased made provision for tombstones for herself and brother Salmon. The executor contracted with one Hamilton for two sets of tombstones, one for the testratrix, and one for her brother, for the price of $130. Instructions were given by the executor to Hamilton in relation to the inscriptions which should be made on the tombstones. After the tombstones were completed, a disagreement arose between the executor and Hamilton as to whether the inscriptions made on the tombstones had been complied with in fulfillment of the contract. The result of the disagreement was that Hamilton brought an action in the Supreme Court against the executor individually to recover the contract-price of the tombstones. Grout, the defendant, interposed a defense to the action upon the ground that the work done did not comply with the contract.

A trial of the issue was had, and the plaintiff recovered a judgment for the price agreed to be paid, with $86.36 costs. This amount was paid by Grout, the defendant, and he also paid twenty-five dollars to his counsel, and $2.10 witness' fees in the action, amounting in all to $113.46. A final accounting was had by the executor after the termination of said action, and on such accounting the executor claimed as part of his account to be allowed such payments. The items were objected to on the ground that the action was not brought against the executor as executor, but against him personally. The surrogate, after hearing the matter, held and decided that the estate should not be charged with the costs and expenses incurred by the executor in resisting said claims, and disallowed said items, and a decree was entered to that effect by

the surrogate. From said decree the executor appealed, from that portion of the decree disallowing said items of $113.46. On making his decision, the surrogate stated that he was satisfied from the proofs that the executor did not exercise a sound discretion in resisting the claim of Hamilton, and that the verdict obtained shows that Grout, the defendant, had no valid defense.

It appears from the evidence taken on the accounting, that that the amount paid by the executor for costs of defense were the taxable items allowed by law, and that the amount paid to his attorney and counsel were reasonable, and that the item of $2.10 was paid for the fees of a witness. It also appears that the action was litigated, and that evidence was given on each side tending to show that, on defendant's part, the contract was not performed, and on the plaintiff's side that it was performed. Both parties testified that the inscription on the tombstone was not the one ordered by the defendant, but another one, ordered by Carver. Evidence was also given by plaintiff tending to show that the defendant accepted the tombstones after they were put up, and promised to pay for them the first of the following month ; and the evidence on the part of the defense tended to dispute the statements as to such acceptance and promise. It was also proved that, before putting in the defense, the defendant stated his defense to his attorney and counsel fully, and that upon such statement his counsel advised him to defend the action, and the defendant testified that the defense was interposed in good faith on his part.

The rule by which claims of this nature should be allowed seems to be fixed by section 3 of chapter 314 of the Laws of 1858, wherein it is provided that all necessary and reasonable costs and expenses paid or incurred by a trustee in good faith in any action by and against him, he shall be entitled to, and be allowed to recover from his principal or *cestui que trust*.

In Redfield's Surrogate Pr., 394, after citing the act of 1858, he says such costs and expenses are allowable upon an accounting, and that it is a general principle that costs incurred by a trustee in protecting the estate confided to his care should be reimbursed out of the estate, citing *Young, Administrator*, v. *Brush*,

*Executor* (28 N. Y., 667), and other authorities. It is also laid down that the rule is not confined to cases where the action was in the name of the executor as such; but if acting in good faith for the benefit of the estate and under advice of counsel, they sue in a manner apparently beneficial to the estate and are subjected to costs, they may be allowed them as against the estate, citing *Collins* v. *Hoxie* (9 Paige, 81), to which should be added *Moses* v. *Murgatroyd* (1 John. Chy., 473). The trustee or executor is presumed to have acted in good faith, and in the absence of evidence of bad faith on his part is entitled to be reimbursed. The only question in this case is, did the executor act in good faith— not whether he exercised a sound discretion in resisting the claims. The result of the case in no manner affected the question as to the motives which induced him to defend. The executor stated to counsel fully the facts, and under his statement his counsel advised him to defend.

There is no evidence upon the accounting showing bad faith. There was testimony, given by three witnesses for plaintiff, that the executor accepted the tomb-stones, and promised to pay, and the evidence given by the defendant disputed these statements. The grounds upon which the surrogate disallowed the claims were untenable, and so much of the decree entered upon the accounting disallowing the items specified in the petition of appeal should be reversed, and the proceedings in this court remitted to the surrogate of Erie county, with instructions to proceed and settle the accounts of the executor, by allowing him to be credited with the items disallowed amounting to $113.46, and that the appellant have costs of appeal.

Present— TALCOTT, P. J., SMITH and NOXON, JJ.

That portion of the order appealed from reversed, proceedings remitted to the surrogate with directions to allow the items of executor's account which were disallowed, with costs to appellant to be taxed and to be paid out of assets.